J-S14023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN EARL HAYSLETT | |
| Appellant | No. 1206 MDA 2015 |

Appeal from the Judgment of Sentence May 7, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000677-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                                    **FILED APRIL 07, 2016**

Appellant, Justin Earl Hayslett, appeals from the judgment of sentence entered May 7, 2015, as made final by the order entered June 16, 2015, which designated him a sexually violent predator ("SVP") pursuant to the Sexual Offender Registration and Notification Act (SORNA).[1] On appeal, Appellant challenges the trial court's SVP designation on the grounds that the evidence could not support a finding that he suffers from a "mental abnormality or personality disorder" as required under 42 Pa.C.S.A. § 9799.12. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9799.10-9799.41.

On December 15, 2015, Appellant entered a guilty plea to indecent assault, 18 Pa.C.S.A. § 3126(a)(7), a sexually violent offense under 18 Pa.C.S.A. § 9799.14(d)(8). At the plea hearing, Appellant admitted that he had touched the anus of the victim, who was 7-years old at the time, for the purpose of sexual arousal. **See** N.T., Plea Proceeding, 12/15/14 at 7. Appellant waived his right to a hearing before the Pennsylvania Sexual Offender's Assessment Board ("SOAB") to determine his SVP status prior to sentencing.

The trial court sentenced Appellant on May 7, 2015 and scheduled an SVP hearing for June 16, 2015. At the SVP determination hearing, the SOAB expert, Paula B. Brust, MA, LPC, NCC, testified that Appellant suffered from a pedophilia disorder and met the criteria for an SVP. Appellant offered the testimony of Timothy Foley, a licensed psychologist, who opined that Appellant did not meet the criteria for an SVP. Following the hearing, the trial court found that Appellant met the SVP requirements. This timely appeal followed.

Appellant argues that "the Commonwealth's evidence was insufficient to prove by clear and convincing evidence that [he] has a mental abnormality which increases his risk of re-offense[.]" Appellant's Brief at 5. We disagree.

Our standard when reviewing the sufficiency of the evidence to support a trial court's SVP designation is as follows.

In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015),

*appeal denied*, 125 A.3d 1199 (Pa. 2015) (citation omitted). Our task on

appeal of a trial court's classification of a criminal offender as an SVP "is one

of review, and not of weighing and assessing evidence in the first instance."

*Commonwealth v. Meals*, 912 A.2d 213, 218 (Pa. 2006).

An SVP is a person who has committed a sexually violent offense

under 42 Pa.C.S.A. § 9799.14 and who fits the SVP criteria set forth in 42

Pa.C.S.A. § 9799.24 "due to a mental abnormality or personality disorder

that makes the individual likely to engage in predatory sexually violent

offenses." 42 Pa.C.S.A. § 9799.12. Section 9799.12 defines a mental

abnormality as

[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.

*Id*.

After conviction for a sexually violent offense and prior to sentencing,

Pennsylvania law requires the SOAB to conduct an assessment of the

convicted party and the trial court to hold a hearing to determine SVP

status. **See** 42 Pa.C.S. § 9799.24(a). In its assessment the SOAB must include, but is not limited to, an evaluation of the following factors.

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.
(ii) Whether the individual exceeded the means necessary to achieve the offense.
(iii) The nature of the sexual contact with the victim.
(iv) Relationship of the individual to the victim.
(v) Age of the victim.
(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's criminal record.
(ii) Whether the individual completed any prior sentences.
(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.
(ii) Use of illegal drugs.
(iii) Any mental illness, mental disability or mental abnormality.
(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b). This Court has previously stated that the "salient inquiry for the trial court is the identification of the impetus behind the commission of the crime, coupled with the extent to which the offender is likely to reoffend." **Commonwealth v. Dixon**, 907 A.2d 533, 536 (Pa. Super. 2006) (internal quotes and citation omitted).

Here, Appellant pled guilty to indecent assault, a sexually violent offense under 42 Pa.C.S.A. § 9799.14(d)(8). At the hearing to determine Appellant's SVP status, Brust testified based upon her evaluation that Appellant suffered from a mental abnormality, specifically, a pedophilic disorder. *See* N.T., SVP Determination Hearing, 6/16/15 at 9. Brust stated that a person suffering from pedophilia meets the following criteria as set forth in The Diagnostic and Statistical Manual of Mental Disorders (DSM-V): 1) over the course of at least six months, recurrent, intense, sexually arousing fantasies, sexual urges or behaviors involving sexual contact with a pre-pubescent child under the age of 13; 2) the person has acted on those sexual urges or fantasies; and 3) the person is at least 16 years of age and at least five years older than the victim. *See id*. Brust testified that Appellant's behavior fit into those criteria because he had sexually assaulted a pre-pubescent child. *See id*.

In the SVP Assessment Report Brust prepared in this matter, she analyzed the Section 9799.24(b) factors as they applied to Appellant. She opined that Appellant exceeded the means necessary to achieve his offenses, as the victim was bleeding from her anus. *See* SVP Assessment Report, 2/24/15 at 4. She also stated that Appellant had twisted his relationship as caretaker for the victim in order to satisfy his sexual deviances. *See id*. Brust stressed that the indications that Appellant had first given massages to the seven-year-old victim and then proceeded to

anally penetrate her indicated grooming behavior and a sexually deviant pathway to re-offending. *See id*. at 7.

Brust also took into consideration various incidents of prior uncharged conduct. Brust noted that the police report in this case reported the victim's mother had discovered on Appellant's phone a picture of the victim's twelve-year-old sister with her breasts exposed, after which Appellant was removed from the home. *See id*. at 2-3. She also referenced a 1987 investigation into possible sexual assault of the Appellant's six-month old daughter, who was discovered to have two tears between her vagina and rectum. *See id*. at 5. Although Appellant was not charged with sexual misconduct in that incident, another allegation arose during the investigation that Appellant had made sexual advances towards a family member's five-year-old daughter. *See id*. Based on this history, Brust opined that Appellant's behavior was predatory in nature and highlighted a pattern of planning and intent. *See id*. at 8. Based on all of the foregoing, Brust ultimately concluded that Appellant met the classification criteria of an SVP. *See id*.

After reviewing the record, we determine that Brust's testimony in this case adequately demonstrated that Appellant suffers from "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. Brust analyzed, at length, the statutory factors set forth in Section 9979.24(b) and described their application to Appellant's case. Several of the factors worked against Appellant's interest, such as the nature of the sexual contact with

the victim, the age of the victim, Appellant's age, Appellant's relationship with the victim, Appellant's pedophilia diagnosis, and Appellant's predatory conduct. We therefore conclude that the trial court did not err in classifying Appellant as an SVP.

Appellant fails to cite any authority to support his claim that the SOAB evaluator improperly referenced and considered prior instances of uncharged conduct in making the SVP determination. It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. **See** Pa.R.A.P. 2119(a). "When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived." **Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008) (citation omitted). Nevertheless, we observe that an evaluator is not limited by the factors enumerated in Section 9799.24(b). **See** 42 Pa.C.S. § 9799.24(b) (explaining that "[a]n assessment shall include, *but not be limited to*, an examination" of enumerated factors) (emphasis added).

We also find no merit to Appellant's contention that the SOAB evaluator incorrectly diagnosed him with the mental abnormality of pedophilia, which requires a sexual interest in a prepubescent child over a period of at least six months. Brust explained at the SVP hearing that the DSM-V uses a six-month timeframe as a "guideline," "if there is evidence of sustained interest in sexual arousal with that minor, that six month guideline does not need to be firmly established." N.T., SVP Determination Hearing,

6/16/15 at 10. Although Appellant's psychologist, Timothy Foley placed greater weight on the importance of the six-month timeframe, the trial court was entitled to find Brust's testimony credible. More importantly, we note that our Supreme Court has ruled that SVP status is a statutory question and not a question of science alone. *See Commonwealth v. Dengler*, 890 A.2d 372, 383 (Pa. 2005). The Court further explained that "the statute does not require proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm." *Id*.

We are therefore satisfied that Brust appropriately evaluated Appellant's SVP status according to the constructs of 42 Pa.C.S.A. § 9979.24(b), which does not require the SOAB to assess SVP status according to strict adherence to accepted scientific criteria. *See* 42 Pa.C.S.A. § 9979.24.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016